UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDRE ROMON BONNER, | |
| Petitioner, | |
| v. | CAUSE NO. 3:22-CV-265-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Andre Romon Bonner, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-21-11-177) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of resisting in violation of Indiana Department of Correction Offense 235. Following a hearing, he was sanctioned with a loss of eighty days earned credit time, which was suspended and never imposed, and a demotion in credit class.

Bonner argues that he is entitled to habeas relief because the hearing officer denied his request to present evidence. At screening, he asked for video evidence and for statements from "William Blessingain" and "Antwuan Barrnett." ECF 11-2. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or

to compile other documentary evidence." *Id.* According to the administrative record, correctional staff denied these requests because they could not locate inmates by those names in the electronic database and because there was no video recording of the incident that was the subject of the conduct report. ECF 11-2; ECF 11-12. Standing alone, these responses appear to be reasonable, and Bonner offers nothing in reply to suggest otherwise. Therefore, the claim that the hearing officer did not allow him to present evidence is not a basis for habeas relief.

Bonner argues that he is entitled to habeas relief because he did not receive adequate assistance from a lay advocate. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Bonner's filings with this court and his administrative appeal demonstrate his literacy, and the charge of resisting was not particularly complex. ECF 2; ECF 11-1; ECF 11-8. Therefore, the argument that he did not receive adequate assistance from a lay advocate is not a basis for habeas relief.

If Bonner wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Andre Romon Bonner leave to appeal in forma pauperis.

SO ORDERED on July 28, 2022

                                                  s/Michael G. Gotsch, Sr.
                                                  Michael G. Gotsch, Sr.
                                                  United States Magistrate Judge